IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE VAIDEN LITCHFIELD,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | Case No. 5:21-cv-5068-JDW |
| : | |
| **LEHIGH COUNTY PRISON,** *et al.* : | |
|     **Defendants.** : | |

**MEMORANDUM**

*Pro se* Plaintiff Clarence Vaiden Litchfield, a pretrial detainee at Lehigh County Prison ("LCP"), filed this civil action pursuant to 42 U.S.C. § 1983. The Court will grant Litchfield leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will grant Mr. Litchfield leave to file an amended complaint as to certain claims.

**I.      FACTUAL ALLEGATIONS**

According to Mr. Litchfield, since he has entered LCP, he has been locked in a cell for twenty-two to twenty-three hours a day "for no reason," and the all-day confinement has exacerbated his preexisting mental health conditions. (ECF No. 2 at 4.) He asserts that there is "another unit in the jail," consisting of approximately forty to fifty inmates, who are not subject to the same lockdown requirements. (*Id*.) Mr. Litchfield contends that the lockdown conditions at LCP amount to a denial of equal protection, cruel and unusual punishment, and deliberate indifference. He says that his mental health is deteriorating, he has trouble sleeping, and he suffers from suicidal ideations, nightmares, post-traumatic stress, major depression, and extreme

paranoia. He names as Defendants LCP, the City of Allentown, Warden Kyle Russel, and Director Janine Donate. He seeks money damages for "mental anguish" and injunctive relief. (*Id.*)

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Clark is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    Leave To Proceed *In Forma Pauperis*

Mr. Litchfield has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Mr.

Litchfield will nonetheless have to pay the full filing fee in installments. *See* 28 U.S.C. § 1915(b).

    **B.    Plausibility Of Claims In Complaint**

Mr. Litchfield asserts violations of his Constitutional rights. A claim against state officials for such a violation arises under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A review of public records reveals that Mr. Litchfield is a pre-trial detainee, so the Fourteenth Amendment, rather than the Eighth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

    **1.    Claims against LCP**

Mr. Litchfield names LCP as a Defendant. However, a jail is not a "person" under § 1983 and therefore is not subject to liability under the Section . *See Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)). The Court will dismiss the claim against LCP with prejudice.

    **2.    Claims against the City of Allentown**

Mr. Litchfield also names the City of Allentown as a Defendant. But Lehigh County operates LCP, not the City of Allentown.[1] The City of Allentown therefore has nothing to do with the prison conditions about which Mr. Litchfield complains.

---

[1] *See* https://www.lehighcounty.org/Departments/Corrections (last viewed 2/9/2022).

Accordingly, the § 1983 claim against the City of Allentown is dismissed with prejudice because the City is not a proper Defendant in this case.

### 3. Claims against Warden Russel and Director Donate

Mr. Litchfield does not spell out the basis for his claims against Warden Russel and Director Donate. However, his claims center on lockdowns at LCP and claim cruel and unusual punishment and violations of equal protection, so the Court will construe the complaint to assert that Warden Russel and Director Donate are responsible for the lockdown and have violated those Constitutional provisions. Viewed through that lens, Mr. Litchfield has not stated a plausible claim.

#### a. Equal protection

To establish an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).

Mr. Litchfield provides no factual allegations to support his equal protection claim. He alleges that someone has violated his rights, but he has not alleged that he was treated differently from those similarly situated. As a result, his equal protection

claim is not plausible. *See Tillman v. Lebanon Cty. Corr. Fac.*, 221 F.3d 410, 424 (3d Cir. 2000) ("Where there is no discrimination, there is no equal protection violation.").

### b. Cruel and unusual punishment

There are several problems with Mr. Litchfield's cruel-and-unusual-punishment claim. *First*, he does not allege facts sufficient to state an underlying constitutional deprivation. The Court understands Mr. Litchfield to be claiming that the lockdown measures themselves amount to unconstitutional punishment. Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *See Camps v. Giorla*, 843 F. App'x 450, 452 (3d Cir. 2021) (*per curiam*) Unconstitutional punishment includes both objective and subjective components. *See Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a pretrial detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the pretrial detainee's health or safety. *See Seiter*, 501 U.S. at 298-99;

Mr. Litchfield has not pled facts to satisfy the objective or subjective prong. Objectively, he has not alleged any detail about the scope of the lockdown measures, such as what was allowed or how long they lasted. *See Stokes v. Carney*, No. 21-1435, 2021 WL 4477185, at *8 (E.D. Pa. Sept. 29, 2021). He also has not alleged the reasons for the lockdowns. Without such an allegation, the Court cannot determine whether

his allegations establish that either Warden Russel or Director Donate acted with an express intent to punish.

*Second*, Mr. Litchfield does not allege Warden Russel or Director Donate had any personal involvement in the lockdown. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quote omitted). A plaintiff cannot hold a warden or director liable "simply because of [their] position as the head of the [agency]." *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) (quote omitted). To the extent that Mr. Litchfield asserts claims against Warden Russel or Director Donate based on their supervisory roles at the prison, he would have to allege facts to establish either (a) that they "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm" or (b) they participated in violating the Mr. Litchfield's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (*reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015)).

Mr. Litchfield has not alleged facts to support either theory. Nothing in his Complaint suggests that Warden Russel or Director Donate had personal involvement in setting the lockdown. Nor has he pled that they participated in,

6

directed, or acquiesced in unconstitutional conduct. He just says they are responsible with no detail. That allegation is not enough. The Court will therefore dismiss that claim, but it will give Mr. Litchfield an opportunity to file an amended complaint to provide more detail to support his claims against Warden Russel and Director Donate.

## IV. CONCLUSION

The Court will dismiss Litchfield's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to all Defendants. His claims against LCP and the City of Allentown are dismissed with prejudice. His claims against Warden Russel and Director Donate are dismissed without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

February 17, 2022